

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. A. Barton
County Attorney
Calhoun County
Port Lavaca, Texas

Dear Sir:

Opinion No. O-3769
Re: Disposition of fees in county
court criminal cases — Article
1055, V.A.C.C.P.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"I respectfully present to you for your consideration and opinion the following propositions:

"FACTS:

"A defendant in the County Court of Calhoun County, Texas, upon a charge of Aggravated Assault and Battery, by complaint and information entered a plea of guilty and was fined the sum of $25.00 and cost, of a total of $72.50. The defendant discharged the judgment as follows: 80 days in jail at labor for which he was credited $60.00. The balance was paid in cash, to wit: Sum of $12.50.

"CALHOUN COUNTY OFFICERS:

"County Judge operates upon a salary and fee basis:
Sheriff operates upon a salary and fee basis
County Clerk operates upon a salary and fee basis
County Attorney operates upon a salary and fee basis
Constable operates upon a salary and fee basis.

"In the above cause the Sheriff made the return upon the warrant. The Constable served all witnesses.

"QUESTIONS

"I

"Proper ratio. and dispostition of the sum of $12.50.

"II

"AMOUNT due officers of the Court under Art. 1055, C.C.P.

"Quotation from your opinion O-755 addressed to Tom A. Craven, County Auditor, McLennan County: Date May 8th. 1939.

"(Where a conviction is had in the Justice Court and only a part of the costs are collected, the sum collected should be prorated between the officers and the county in the same proportion as to which each would have been entitled to receive therefrom had all costs been collected, Art. 949, C.C.P. However since the justice of the peace is paid by the County, his trial fees should not be considered in the proration. Arts 1032, 1034 C.C.P.)

"You followed the same procedure in your opinion O-469, dated April 3rd. 1939.

"In another Justice Court opinion, you state that there shall be no discrimination between the officers of the Court, but that the disposition shall be in equal proportion.

"Article 793 and succeeding articles of C.C.P. provide for the execution of judgement in a misdemeanor case, and judge that the disposition of the sum of $12.50 would follow along the line of your opinions as rendered for a justice court. Please advise:

"Qeation No. II.

"Art. 1055 C.C.P. provides in art as follows: 'The county shall be liable for one-half of the fees of the officers of the

Court when the defendant fails to pay his fine
and lays his fine out in the county jail or
discharges the same by means of working such
fine out on the county roads or on any county
project.'

"EXAMPLE:

"Art. 1061 C.C.P. provides that the County
Attorney shall receive for convictions of a
misdemeanor nature the sum of $10.00.

"First: In the event the defendant had paid
his fine in cash, the County Attorney would have
received the sum of $10.00 for his fee;

"Second: In the event the defendant had
served out and discharged his fine in jail at
labor on the County Road, the County Attorney would
have received from Calhoun County, the sum of $5.00
as his fee, under Art. 1055.

"Third: In the case at bar, the prorated
fee of the County Attorney on the $12.50 would
only be a fractional part of the $5.00 as pro-
vided for under No. Two above noted.

"Would the County Attorney be entitled to
receive from the County the difference between
the prorated part of the $12.50 and The $5.00
provided under Art. No. 1055.

"Likewise would the same rule apply to the
other office rs of the court."

The population of Calhoun County, Texas according
to the 1940 Federal census is 5,911 inhabitants. We further
assume from your letter that the County and precinct officers
of Calhoun County, Texas, are operating under the fee system,
and that any salaries paid to them are ex-officio salaries,
allowed in the amount and manner as the law provides. Our
answers hereto are based upon the above assumption.

Article 1055, V.A.C.C.P., reads as follows:

"The County shall be liable to each officer
and witness having costs in a misdemeanor case for
only one-half thereof where the defendant has satis-

fied the fine and costs adjudged against him in full
by labor in the workhouse, on the county far,m, on the
public roads or upon any public works of the
county; and to pay such half of such legal
costs as may have beenso taxed, not including
commissions, the county judge shall issue his
warrant upon the county treasurer in favor of
the proper party, and the same shall be paid
out of the road and bridge fund or other funds
not otherwise appropriated.

Your letter discloses that the fine in this cause
was $25.00, the cost $47.50; that the defendant paid $12.50
in cash and laid out $60.00 time in jail; the county attorney's
fee was $10.00; the trial fee in county court is $5.00 under
Article 1074, V.A.C.C.P., is taxable as costs and belongs
to the county. You do not state the exact amounts of fees
due to the clerk, sheriff and constable but the amount due
them jointly would be $32.50.

Opinion Nos. 0-469 and 0-755 of this department
hold that where only a part of the fine and costs are
collected, that the money collected should go first to the
payment of the costs and the balance, if any, to the amount
of the fine and that where there is not enough collected
to pay all of the costs, the money collected should be
prorated, and that in such case one officer had no priority
over another. Said opinions further hold that the trial
fee belonging to the countyshould be considered in the
proration. We quote from Opinion No. 'O-755 as follows:

"In view of the trial fee above provided,
being a part of the costs, and by reason that
the Justice of the Peace being paid by the
county, it is our opinion that the $8.50 in
question should be prorated on the basis of
$5.00 to the county attorney; $5.50 to the
constable and $4.00 to the county, which figures
approximately sixty four and a fraction cents
on the dollar. The county would get its
pro rata part of the payment."

We enclose herewith copies of said Opinions for
your information.

Opinion No-O-1578 of this department, approved
in Limited Conference, holds that a constable operating under

the fee system is entitled under Article 1055, V.A.C.C.P., to half costs from the county on that part of the time a defendant remains in jail or works for the county when he so discharges part of his fine and pays off a part of same. We enclose herewith a copy of said opinion for your information.

We quote from Opinion No. O-1792 of this department as follows:

"In answer to your fifth question, it is the opinion of this department that where only a part of the fine and costs are collected, that the money collected should go first to the payment of the costs and the balance, if any, to the amount of the fine, and that where there is not enough collected to pay all the costs, the money collected should be prorated between the arresting officer, the county attorney and the county. That no officer has priority over another in such matter. For example, if the fine and costs amount to $23.00; as in your case; the fee of the county attorney amounts to $5.00; the fee of the constable amounts to $13.00 and the trial fee amounts to $4.00; if the defendant paid $6.00 in cash and the balance is worked out on the county farm the arresting officer would be entitled to $3.55 of the cash payment, the county attorney would be entitled to $1.36 of the cash payment and the county (as its portion of the trial fee) would be entitled to $1.09 of the cash payment. The arresting officer and county attorney would also be entitled to receive payment from the county under Article 1055, V.A.C.C.P., one half of the balance of their fees for the time the defendant worked out the balance of his fine and costs. Under the example quoted above the arresting officer would be entitled to receive from the county the sum of $1.82. The total sum received by the arresting officer from both sources would be $3.18."

We enclose herewith a copy of said Opinion for your information.

In answer to your first question you are respectively advised that it is the opinion of this department that the $12.50 cash payment in question should be prorated on the basis of $10.00 to the county attorney; $5.00 to the county for its trial fee and $32.50 to the clerk, sheriff and constable jointly (to be divided by them in their proper pro rata shares), which figures approximately 26 3/10 cents on the dollar. Under the facts stated in your letter the county attorney would be entitled to $2.63 of the cash payment; the county should receive $1.3? of the cash payment as its portion of the trial fee and the clerk, sheriff and constable should receive the sum of $8.55 of said cash payment, (to be divided by them according to their respective pro rata shares).

In answer to your second question you are respectfully advised that it is the opinion of this department that under the facts stated the county would be liable under Article 1055, V.A.C.C.P. to the officers as follows:

To the county attorney the sum of $3.78.

To the clerk, sheriff and constable (to be divided by them according to their respective pro rata shares) the sum of $11.98.

Under the facts stated the county attorney should receive the total sum of $6.31 ($2.63 of the cash payment plus the sum of $3.68 from the county) and the clerk, sheriff and constable should receive the total sum of $20.53 ($8.55 of the cash payment plus the sum of $11.98 from the county) (to be divided by them according to their respective pro rata shares).

Very truly yours

ATTORNEY GENERAL OF TEXAS

BY /  WM. J. FANNING
ASSISTANT

APPROVED JULY 25, 1941
BY GROVER SELLERS
FIRST ASSISTANT
ATTORNEY GENERAL

WP:EAW

APPROVED   OPINION COMMITTEE   B..B. CHAIRMAN